Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff David Olenick*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OLENICK, an individual;<br><br>Plaintiff,<br><br>v.<br><br>TEESPRING, INC., a Delaware Corporation; and DOES 1-3;<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br><u>Jury Trial Demanded</u> |

Plaintiff David Olenick, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff is an artist who creates original, witty and cheeky two-dimensional works playing on modern day anxieties and themes and offers products bearing this work for sale, including clothing and posters. This case is brought because a significant selection of Plaintiff's unique and imaginative works have been misappropriated and incorporated into unauthorized apparel and consumer goods which are marketed and sold to the public by Defendant who persisted in these activities even after being put on notice of Plaintiff's claims. By this suit Plaintiff seeks to recover damages, disgorge

- 1 -

Defendant's ill-gotten profits and to enjoin Defendant's widespread infringement which appears to be baked into its business model.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business located in California.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which Defendant can be found.

## PARTIES

5. Plaintiff David Olenick ("Plaintiff") is an individual domiciled and residing in New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant Teespring, Inc. ("Teespring") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 77 Geary Street, 5th Floor, San Francisco, California 94108.

7. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are screen printers, manufacturers and/or vendors of garments and consumer goods to Defendant, which Doe Defendants have printed, manufactured and/or supplied and are manufacturing and/or supplying garments and other consumer goods incorporating Plaintiff's copyrighted designs (as hereinafter defined), without Plaintiff's knowledge or consent, or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such

agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE ARTWORK

9.   Prior to the conduct complained of herein, Plaintiff composed 25 original artworks for use in various industries, including the apparel and consumer goods industries.  **Exhibit A** which is incorporated herein by reference, shows Plaintiff's artworks (hereinafter "Subject Artworks") side by side with Teespring's infringing copies.  The Subject Artworks are creations of Plaintiff and are, and at all relevant times were, owned in exclusivity by Plaintiff.

10. Prior to the acts complained of herein, Plaintiff marketed and sold product incorporating the Subject Artworks in the apparel and consumer goods industries.

11.  Following this marketing and distribution of product bearing the Subject Artworks, Plaintiff's investigation revealed that Teespring had misappropriated the Subject Artworks, and was selling garments and other products, including without limitation mugs, tote bags, stickers, wall art, pillows, and cell phone cases bearing illegal reproductions and/or derivations of the Subject Artworks, without limitation, on and through its www.teespring.com website.

12.  Plaintiff is informed and believes and thereon alleges that, without his authorization, Teespring and others, including certain Doe defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed product that bears artwork identical to, or substantially similar to, the Subject Artworks ("Infringing Product"). Such Infringing Product includes, but is not limited to, the garments and other consumer goods set forth hereunder.

13.   It is apparent from the side-by-side comparisons of the Subject Artworks and the Teespring Infringing Product on Exhibit A that the elements, composition, colors, arrangement, and appearance of the designs are substantially and/or strikingly similar, if not identical.  To the extent Defendant's copy of Plaintiff's design entitled "Prey Tell" is not shown on Exhibit A, Plaintiff is informed and believes and thereon alleges that Defendant's copy of said design, uses

the same elements, composition, colors, arrangement, and appearance of the design and is substantially and/or strikingly similar, if not identical to the "Prey Tell" design.

## COPYRIGHT REGISTRATIONS

14. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-439 for the work entitled "Abandoned Chip" with an effective date of January 10, 2017.

15. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-958 for the work entitled "Amourosaurus" with an effective date of March 22, 2016.

16. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-962 for the work entitled "Anxietea" with an effective date of April 19, 2016.

17. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-144 for the work entitled "Body English" with an effective date of August 7, 2018.

18. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-449 for the work entitled "Brewmance" with an effective date of February 14, 2017.

19. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-143 for the work entitled "Bride Hair Day" with an effective date of August 13, 2018.

20. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-959 for the work entitled "Careless Whisker" with an effective date of June 20, 2016.

21. Plaintiff is the owner of U.S. Copyright Registration No. VA 1-976-800 for the work entitled "Coffee Talk" with an effective date of August 11, 2015.

22. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-075-157 for the work entitled "Cold Comfort" with an effective date of July 25, 2016.

23. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-132 for the work entitled "Delivery Policy" with an effective date of July 17, 2018.

24. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-133 for the work entitled "For the Birds" with an effective date of July 29, 2018.

25. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-438 for the work entitled "Great White Snark" with an effective date of January 10, 2017.

1  26. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-147 for the work
2  entitled "Half in the Bag Again" with an effective date of August 13, 2018.
3  27. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-139 for the work
4  entitled "Heated Rhetoric" with an effective date of August 2, 2018.
5  28. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-950 for the work
6  entitled "Myth Understood" with an effective date of March 22, 2016.
7  29. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-134 for the work
8  entitled "Neigh Sayer" with an effective date of July 29, 2018.
9  30. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-450 for the work
10  entitled "Prey Tell" with an effective date of February 14, 2017.
11  31. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-446 for the work
12  entitled "Purrfectly Honest" with an effective date of November 14, 2016.
13  32. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-963 for the work
14  entitled "Raw Truth" with an effective date of May 25, 2016.
15  33. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-148 for the work
16  entitled "Seasonal Employment" with an effective date of August 13, 2018.
17  34. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-444 for the work
18  entitled "Spruced Up" with an effective date of December 30, 2016.
19  35. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-008-961 for the work
20  entitled "Taco Eclipse" with an effective date of June 20, 2016.
21  36. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-046-447 for the work
22  entitled "The Pugly Truth" with an effective date of November 14, 2016.
23  37. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-146 for the work
24  entitled "The Spirit of Giving" with an effective date of August 2, 2018.
25  38. Plaintiff is the owner of U.S. Copyright Registration No. VA 2-116-141 for the work
26  entitled "When You're Feeling Merlot" with an effective date of August 2, 2018.
27
28

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

39. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40. The exemplars pictured in Exhibit A annexed to this Complaint are non-inclusive, and allegations and claims made herein are made as to any and all uses, exploitations, and product that incorporate or bear the Subject Artworks.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artworks including, without limitation, through access to (a) Plaintiff's web pages on certain "print-to-order" websites, including without limitation Society6 and Threadless; (b) Plaintiff's website and/or design libraries; and/or (c) garments and other product manufactured and sold to the public bearing artwork lawfully printed with the Subject Artworks by Plaintiff for his customers. Access is also established by the striking similarity, if not identicality, between Plaintiff's Subject Artworks and the corresponding artwork on Defendants', and each of their, Infringing Product.

42. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures and screen prints apparel and/or consumer goods.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and other consumer goods to said retailers, which garments and other goods infringed the Subject Artworks in that said goods featured unauthorized print design(s) that were identical or substantially similar to the Subject Artworks, or were an illegal derivation or modification thereof.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, distributing and/or selling garments and consumer goods which infringe the Subject Artworks through Teespring's on-line website located at www.teespring.com.

44. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to his business in an amount to be established at trial.

45. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

46. Defendants, and each of them, have obtained direct and indirect profits from their infringement of the Subject Artworks as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artworks in an amount to be established at trial.

47. Plaintiff is informed and believes, and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

48. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

49. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments and consumer goods featuring the Subject Artworks as alleged herein.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial

damages to her businesses in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

52. Defendants, and each of them, have obtained direct and indirect profits from their infringement of the Subject Artworks as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artworks in an amount to be established at trial.

53. Plaintiff is informed and believes, and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artworks;

b. That Defendants be required to destroy any and all copies, duplicates and/or reproductions of the Subject Artworks in their possession and to remove such copies from any computer servers in their custody and/or possession;

c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

d. That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

      g. That Plaintiff be awarded the costs of this action; and

      h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted

Dated: October 21, 2019        By: */s/ Scott Alan Burroughs*
                                                  Scott Alan Burroughs, Esq.
                                                  David Shein, Esq.
                                                  DONIGER / BURROUGHS
                                                  Attorneys for Plaintiff